1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                        EASTERN DISTRICT OF CALIFORNIA
10
11    RAFAEL ARROYO,                          No.  2:21-cv-00273-MCE-DB

12                    Plaintiff,

13           v.                               **MEMORANDUM AND ORDER**

14    DAVI, LLC, a California limited liability
      company,
15
16                    Defendant.

17           Plaintiff Rafael Arroyo ("Plaintiff") initiated this action against Defendant Davi, LLC

18    ("Defendant"), seeking injunctive relief and damages for violations of the Americans with

19    Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA") and California's Unruh Civil

20    Rights Act, California Civil Code §§ 51 et seq. ("Unruh Act").  Compl., ECF No. 1

21    ("Compl.").  Presently before the Court is Defendant's Motion to Dismiss Plaintiff's

22    Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), which has been fully

23    briefed.  ECF Nos. 8 ("Def.'s Mot."), 13 ("Pl.'s Opp'n"), 14 ("Def.'s Reply").  For the

24    reasons set forth below, Defendant's Motion is GRANTED.[1]

25    ///

26    ///

27    _____

28           [1] Because oral argument would not be of material assistance, the Court ordered this matter
      submitted on the briefs.  E.D. Local Rule 230(g).

1

2

**BACKGROUND**[2]

3    Plaintiff is a paraplegic and uses a wheelchair for mobility.  He planned to make a

4  trip to Sacramento, California, in April 2021, and selected the Holiday Inn Express &

5  Suites Davis (the "Hotel") because of its price and location.  On October 9, 2020, Plaintiff

6  visited the Hotel's reservation website to book an accessible room but found that there

7  was insufficient information about the accessible features in the "accessible rooms" to

8  permit him to assess independently whether a given hotel room would work for him.

9  According to Plaintiff, the reservation website does not provide the following information:

10  (1) whether the hotel room entrance and interior doors provide at least 32 inches of

11  clearance; (2) whether there is at least 30 inches width on the side of the bed;

12  (3) whether the desk in the guestroom provides sufficient knee and toe clearance;

13  (4) whether the restroom sink provides sufficient knee clearance and if any plumbing

14  under the sink is wrapped with insulation to protect against burning contact; (5) whether

15  the lavatory mirror is mounted at a lowered height; and (6) the type of shower and

16  whether it has an in-shower seat, grab bars mounted on the walls, and detachable hand-

17  held shower wand, as well as whether the wall mounted accessories and equipment are

18  all within 48 inches height.

19    Plaintiff alleges that the above information is reasonably necessary for Plaintiff or

20  any wheelchair user to assess independently whether a given hotel or guest room meets

21  his or her accessibility needs.  However, Defendant failed to identify and describe these

22  core accessibility features in enough detail.  As a result, this lack of information created

23  difficulty for Plaintiff and deterred him from booking a room at the Hotel.

24  ///

25  ///

26  ///

27  ///

28

[2] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's Complaint.

1

**STANDARD**

2

3       On a motion to dismiss for failure to state a claim under Federal Rule of Civil

4   Procedure 12(b)(6),[3] all allegations of material fact must be accepted as true and

5   construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins.

6   Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain

7   statement of the claim showing that the pleader is entitled to relief' in order to 'give the

8   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

9   Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

10  47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

11  detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

12  his entitlement to relief requires more than labels and conclusions, and a formulaic

13  recitation of the elements of a cause of action will not do."  Id. (internal citations and

14  quotations omitted).  A court is not required to accept as true a "legal conclusion

15  couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

16  Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief

17  above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright &

18  Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the

19  pleading must contain something more than "a statement of facts that merely creates a

20  suspicion [of] a legally cognizable right of action")).

21      Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

22  assertion, of entitlement to relief."  Twombly, 550 U.S. at 555 n.3 (internal citations and

23  quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard

24  to see how a claimant could satisfy the requirements of providing not only 'fair notice' of

25  the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing Wright &

26  Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to

27  _____

28          [3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure, unless otherwise noted.

1  relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their

2  claims across the line from conceivable to plausible, their complaint must be dismissed."

3  Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge

4  that actual proof of those facts is improbable, and 'that a recovery is very remote and

5  unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

6        A court granting a motion to dismiss a complaint must then decide whether to

7  grant leave to amend.  Leave to amend should be "freely given" where there is no

8  "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

9  to the opposing party by virtue of allowance of the amendment, [or] futility of the

10  amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

11  Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

12  be considered when deciding whether to grant leave to amend).  Not all of these factors

13  merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

14  carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

15  185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

16  "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group,

17  Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,

18  1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

19  1989) ("Leave need not be granted where the amendment of the complaint . . .

20  constitutes an exercise in futility . . . .")).

21

22                                  **ANALYSIS**

23

24        **A.    Defendant's Requests for Judicial Notice**

25        Defendant requests that the Court take judicial notice of several documents

26  submitted in support of its Motion and Reply.  ECF Nos. 9 ("RJN"), 15 ("Supp. RJN").

27  Plaintiff does not oppose Defendant's requests.  See Pl.'s Opp'n at 10.

28  ///

                                    4

1      First, Defendant asks the Court to take judicial notice of several district court

2 opinions addressing similar issues.  Exs. 1–7, RJN; Exs. 1–9, Supp. RJN.  Defendant

3 also provides a list of lawsuits filed by Plaintiff, RJN ¶ 11, and another list of "lawsuits

4 brought by other individuals represented by Plaintiff's counsel [which] have been

5 dismissed with prejudice," Supp. RJN ¶ 10.  A court "may take judicial notice of court

6 filings and other matters of public record."  Reyn's Pasta Bella, LLC v. Visa USA, Inc.,

7 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citation omitted).  Accordingly, Defendant's

8 requests as to the district court opinions are GRANTED, but the requests regarding

9 Plaintiff and Plaintiff's counsel's litigation history are DENIED as irrelevant.

10      Second, Defendant requests that the Court take judicial notice of screenshots of

11 the Hotel's webpages.  Exs. 8–10, RJN.  "[A]s a general matter, websites and their

12 contents may be proper subjects for judicial notice."  Caldwell v. Caldwell, No. C 05-4166

13 PJH, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006).  The Court may also consider

14 documents "incorporated by reference into a complaint if the plaintiff refers extensively to

15 the document or the document forms the basis of the plaintiff's claim."  United States v.

16 Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Therefore, Defendant's requests as to the

17 webpages are GRANTED.

18      **B.**    **Violation of Title III of the ADA**

19      Title III of the ADA prohibits discrimination against an individual "on the basis of

20 disability in the full and equal enjoyment of the goods, services, facilities, privileges,

21 advantages, or accommodations of any place of public accommodation by any person

22 who owns, leases (or leases to), or operates a place of public accommodation."

23 42 U.S.C. § 12182(a).  To prevail on a claim under Title III of the ADA, "a plaintiff must

24 show that:  (1) he is disabled within the meaning of the ADA; (2) the defendant is a

25 private entity that owns, leases, or operates a place of public accommodation; and

26 (3) the plaintiff was denied public accommodations by the defendant because of his

27 disability."  Ariz. ex rel. Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670

28 (9th Cir. 2010).  At issue here is the third element, which "is met if there was a violation

1    of applicable accessibility standards." <u>Moeller v. Taco Bell Corp.</u>, 816 F. Supp. 2d 831,

2    847 (N.D. Cal. 2011) (citing <u>Chapman v. Pier 1 Imports (U.S.), Inc.</u>, 631 F.3d 939, 945

3    (9th Cir. 2011)).

4           Defendant argues that the Hotel's website complies with 28 C.F.R. § 36.302(e),

5    also known as the "Reservations Rule," which requires hotel operators, in part, to

6    "[i]dentify and describe accessible features in the hotels and guest rooms offered

7    through its reservations service in enough detail to reasonably permit individuals with

8    disabilities to assess independently whether a given hotel or guest room meets his or her

9    accessibility needs[.]"  28 C.F.R. § 36.302(e)(1)(ii); <u>see</u> <u>generally</u> Def.'s Mot. at 11–22.

10   The Department of Justice ("DOJ") provides, in pertinent part, the following in an

11   appendix to the regulation:

12          The Department recognizes that a reservations system is not
            intended to be an accessibility survey.  However, specific
13          information concerning accessibility features is essential to
            travelers with disabilities.  Because of the wide variations in
14          the level of accessibility that travelers will encounter, the
            Department cannot specify what information must be included
15          in every instance.  For hotels that were built in compliance with
            the 1991 Standards, it may be sufficient to specify that the
16          hotel is accessible and, for each accessible room, to describe
            the general type of room (e.g., deluxe executive suite), the size
17          and number of beds (e.g., two queen beds), the type of
            accessible bathing facility (e.g., roll-in shower), and
18          communications features available in the room (e.g., alarms
            and visual notification devices).  Based on that information,
19          many individuals with disabilities will be comfortable making
            reservations.
20
            . . .
21
            [O]nce reservations are made, some hotels may wish to
22          contact the guest to offer additional information and services.
            Or, many individuals with disabilities may wish to contact the
23          hotel or reservations service for more detailed information.  At
            that point, trained staff (including staff located on-site at the
24          hotel and staff located off-site at a reservations center) should
            be available to provide additional information such as the
25          specific layout of the room and bathroom, shower design,
            grab-bar locations, and other amenities available (e.g., bathtub
26          bench).

27   28 C.F.R. Pt. 36, App. A, "Guidance on Revisions to ADA Regulation on

28   Nondiscrimination on the Basis of Disability by Public Accommodations and Commercial

6

1   Facilities" ("DOJ Guidance").  The DOJ Guidance is "entitled to substantial deference."

2   Kohler v. Presidio Int'l, Inc., 782 F.3d 1064, 1069 (9th Cir. 2015) (citation omitted).

3       Here, the Hotel's website lists areas of the Hotel that are accessible and have

4   accessible routes from the public entrance, including the public entrance, guest rooms,

5   elevators, public restrooms, registration desk, exercise facility, business center, pool,

6   and one meeting room.  Ex. 8, RJN.  The website also states that it provides accessible

7   self-parking, van accessible self-parking, and portable bathtub seats.  Id.  Furthermore,

8   the website specifies which individual guest rooms are wheelchair accessible, provides

9   photographs of the bathrooms, and lists accessible room features such as "roll in

10   shower," "permanent shower seating," "appropriate grab bars," and "accessible tub."

11   See Ex. 9, RJN.  Lastly, the website provides a telephone number and virtual assistant

12   for customers to contact the Hotel should they have additional questions.  Ex. 10, RJN.

13       Although the Ninth Circuit has not addressed the level of detail required by the

14   Reservations Rule, an overwhelming majority of district courts in this circuit have found

15   that compliance with the Reservations Rule and DOJ Guidance is satisfied if a hotel's

16   website provides similar information to what the Hotel's website provides here.  See,

17   e.g., Arroyo v. Huskies Owner LLC, Case No. 21-cv-01016-JCS, 2021 WL 2711736,

18   at *7 (N.D. Cal. July 1, 2021); Love v. Ashford S.F. II LP, Case No. 20-cv-08458-EMC,

19   2021 WL 1428372, at *4 (N.D. Cal. Apr. 15, 2021) (collecting cases).

20           [T]he Reservations Rule was not intended to be an
          accessibility survey, and Plaintiffs cite no binding authority that
21           additional information is required, let alone the specific
          dimensions that Plaintiffs would require.  Indeed, the [DOJ]
22           Guidance would appear to refute such a requirement, as the
          DOJ only suggests providing measurements for non-
23           accessible features in older hotels with limited accessibility
          features.  Rather, the purpose of the Reservations Rule is to
24           provide guests with sufficient information to determine whether
          a hotel is accessible.  Defendants have done so by stating that
25           the rooms are accessible, and listing the features that are
          accessible. . . .  "[T]he term 'accessible' is specifically defined
26           in the [ADA Accessibility Guidelines ("ADAAG")] to describe 'a
          site, building, facility, or portion thereof that complies with
27           these guidelines.'"  [Garcia v.] Chamber Maid L.P., [Case No.
          CV 20-11699 PA (PDx), 2021 WL 3557832, at *4 (C.D. Cal.
28           Mar. 15, 2021)] (quoting 1991 ADAAG § 3.5); see also

1

2

3

<u>Garcia v. E.L. Heritage Inn of Sacramento, LLC</u>, Case No. 20-cv-2191-JAM-AC, 2021 WL 1253346, at *2 (E.D. Cal. Apr. 5, 2021).  Thus, describing the room and features as "accessible" adequately informs guests of the room's and features' compliance with the ADAAG.  <u>See id.</u>

4   <u>Arroyo v. SC Landmark Hotels, LLC</u>, Case Nos. 21-cv-00119-KAW, 21-cv-00338-KAW,

5   21-cv-00431-KAW, 2021 WL 4145969, at *6 (N.D. Cal. Apr. 21, 2021) (emphasis in

6   original); <u>see also</u> <u>Arroyo v. RSTP Investments, LLP</u>, Case No. 21-cv-00435-SVK, 2021

7   WL 4459755, at *4 (N.D. Cal. May 26, 2021) ("Numerous courts have concluded that the

8   Reservations Rule is not intended to be an accessibility survey and that it does not

9   require a hotel to include all potentially relevant accessibility information on its website.").

10  "[A] website need not list its compliance or non-compliance with every ADAAG provision

11  to satisfy 28 C.F.R. § 36.302(e)(1)(ii)."  <u>Strojnik v. Orangewood LLC</u>, Case

12  No. CV 19-00946 DSF (JCx), 2020 WL 11192872, at *8 (C.D. Cal. Jan. 22, 2020); <u>see</u>

13  <u>also</u> <u>Rutherford v. Evans Hotels, LLC</u>, Case No. 18-CV-435 JLS, 2020 WL 5257868,

14  at *17 (S.D. Cal. Sept. 3, 2020) ("[J]ust because [Plaintiff] would like additional detail

15  does not mean that he is entitled to it under Section 36.302(e)(1)(ii).").  Finally, "a

16  website need not include all potentially relevant accessibility information where an

17  inquiring patron can simply call the hotel for more information."  <u>Garcia v. Gateway Hotel</u>

18  <u>L.P.</u>, Case No. CV 20-10752 PA (GJSx), 2021 WL 936176, at *5 (C.D. Cal. Feb. 25,

19  2021).

20         In light of the above, the Court adopts the reasoning of the majority of district

21  courts in this circuit and finds that "the description and level of detail provided on

22  Defendant's website are sufficient to comply with the ADA."  <u>E.L. Heritage Inn</u>, 2021

23  WL 1253346, at *2.  Accordingly, Plaintiff's ADA cause of action is DISMISSED with

24  leave to amend.[4]

25  ///

26  ///

27

28
_____
    [4] The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim and thus, the Unruh Act cause of action is DISMISSED.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 8, is GRANTED with leave to amend.  Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may, but is not required to, file an amended complaint.  If no amended complaint is timely filed, the causes of action dismissed by virtue of this Memorandum and Order will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated:  January 27, 2022

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE